IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOUTHSHORE RESTORE, *et al.*, | |
| Plaintiffs, | No. 20-cv-5264 |
| v. | Hon. Jorge L. Alonso |
| ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, et al., | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | |

## JOINT STATUS REPORT

As ordered by the Court, the parties submit the following joint status report.

1. This case involves a challenge to the State's procedures for issuing 75 available Conditional Adult Use Dispensing Organization License ("Conditional License") under the Cannabis Regulation and Tax Act, 410 ILCS 705/1 *et seq*.

2. Plaintiffs filed their complaint in this action on September 4, 2020, followed by an amended complaint on September 8, 2020, ECF 11. On September 8, 2020, Plaintiffs filed a motion for temporary restraining order and preliminary injunction and supporting memorandum, ECF 4 & 5. Among other relief, Plaintiffs are presently seeking an order of this Court directing the Department to (a) permit applicants to cure any alleged deficiencies in their applications pursuant to 410 ILCS 705/15-30(b), and, only if necessary, (b) to enjoin the license lottery (tentatively scheduled to occur no earlier than September 23) until such time as the Court has the opportunity to resolve the issues in Plaintiffs' motion, including determination of which applicants are properly eligible for that lottery.

3. On September 8, 2020, the parties appeared before the Court for a telephonic hearing. Defendants reported that the lottery for the Conditional Licenses will not be held before

September 23, 2020. The Parties also reported they are engaged in settlement discussions. The Court re-set the hearing in this matter to September 11, 2020, at 9:30 a.m., and directed the parties to file a joint status report in advance of that hearing. ECF 12.

4. Despite good-faith efforts, the parties have not been able to make sufficient progress toward settlement to delay proceedings on Plaintiffs' motion for temporary restraining order and preliminary injunction.

5. Plaintiffs have indicated that they intend to file a second amended complaint by September 11, 2020 that will change the named plaintiffs, but will not otherwise change the substance of the amended complaint, including the counts and the relief sought. Based on that representation, Defendants do not oppose the Court's granting Plaintiffs leave to file a second amended complaint. After receiving leave of court, Plaintiffs will file their second amended complaint on September 11, 2020, by 12:00 p.m. (noon).

6. Plaintiff intends to serve Defendants with a limited round of discovery today. Defendants will review any discovery requests and reserve the right to object.

7. As to the remainder of the schedule, and whether there is a need for a TRO, the parties' respective positions are as follows.

PLAINTIFFS' POSITION:

At Plaintiffs' request, Defendants' counsel facilitated a meeting yesterday between Plaintiffs' counsel and some representatives of the relevant state actors, which Plaintiffs appreciated. At that meeting, Plaintiffs' counsel communicated a proposal to resolve this litigation. Based on the meeting, it had been Plaintiffs' counsels' hope and belief that the parties were making at least some progress toward a solution that worked for both sides.

As of this filing, however, Defendants have been unable to respond to that proposal, or make a counter. Meanwhile, Defendants are also unable at this time to commit to push back the lottery, even by a few weeks.

Plaintiffs' counsel believes that Defendants' counsel is acting in good faith, and fully understands the realities of government. However, if the State is not in a position to alter its intent to hold the lottery as soon as September 23 to give away these licenses to just 21 applicants, and if the case might not resolve, the litigation needs to move forward on an expedited basis.

To that end, it is Plaintiffs' position that there needs to be a hearing at which the Court can review the proof that the application process was fatally flawed. Since filing this lawsuit, Plaintiffs' counsel has been inundated by communications from applicants and their attorneys who, having now received their scores, provided evidence that the manner in which the contest was scored was fatally flawed. Plaintiffs' counsel intends to present this testimony and evidence at a hearing before this court. In Plaintiffs' view, this evidence clearly demonstrates that this contest was not truly won by 21 super-talented applicants out of a pool of more than 700, as Defendants have reported. Plaintiffs' counsel has now identified numerous social equity applicants who should and would have qualified for the Lottery too, had they had been given the same statutory right to cure minor deficiencies -- a cure right that is expressly built into the statute, 410 ILCS 705/15-30(b), and a right which was in fact provided to at least a thousand other applicants, and probably more.

In Plaintiffs' view, there therefore needs to be a hearing sufficiently in advance of lottery to allow for judicial review, and, if the Court agrees with Plaintiffs' position, some form of meaningful judicial remedy. For those reasons, Plaintiffs' counsel requests that the Court (a) schedule a two-day hearing for next Thursday/Friday, September 17-18, 2020, and (b) push back the Lottery for a sufficient time thereafter to allow this important dispute to be resolved after fair consideration and

deliberation, as well as allow at least two weeks to implement the proposed judicial remedy, should the Court deem it appropriate.

If the court is not inclined to enjoin at this time the lottery (which could proceed on September 23), Plaintiffs request that the hearing proceed at the earliest possible opportunity, namely, on Monday/Tuesday, September 14-15.

**DEFENDANTS' POSITION:**

Defendants believe the Court can and should decide Plaintiffs' motion for temporary restraining order and preliminary injunction on the papers.

Accordingly, Defendants request that the Court enter a scheduling order as follows:

a. After receiving leave of court, Plaintiffs will file their second amended complaint on September 11, 2020, by 12:00 p.m. (noon).

b. Defendants will file their opposition to Plaintiffs' motion for temporary restraining order and preliminary injunction by Tuesday, September 15, 2020, at 5 p.m.

c. Plaintiffs will file any reply by Wednesday, September 16, 2020, at 5 p.m.

d. The Court will inform the parties by Friday September 18, 2020 either (a) that plaintiffs' motion for temporary restraining order and preliminary injunction will be granted or denied based on the papers before it; or (b) that the Court desires to hold an evidentiary hearing. If the Court determines that an evidentiary hearing is needed, the Court will inform the parties of the issues it believes need to be addressed at such a hearing, and the hearing will be scheduled for Monday, September 21 or Tuesday, September 22, 2020, or at a later date in the event Defendants report that the lottery has been rescheduled to a date later than September 23, 2020.

Jointly submitted September 11, 2020

| For Plaintiffs by: | For Defendants by: |
|---|---|
| */s/Jon Loevy* | */s/ R. Douglas Rees* |
| Loevy and Loevy<br>311 North Aberdeen Street<br>Chicago, IL 60607<br>(312) 243-5900<br>*jon@loevy.com* | Deputy Attorney General, Civil Division<br>Office of the Illinois Attorney General<br>100 West Randolph Street, 12th Floor<br>Chicago, Illinois 60601<br>(312) 814-3498<br>*drees@atg.state.il.us* |